## CHRISTIE *v.* THE CRAIGTON.[1]

(*District Court, S. D. Alabama.* January 6, 1890.)

1. SHIPPING—CARRIAGE OF GOODS—LOSS—BURDEN OF PROOF.
    If goods shipped on a vessel are lost before delivery at destination, the presumption is that the loss occurred by default of the carrier, and the burden is on him to show it due to a peril of the sea, from liability for which he is exempted by the bill of lading.

2. SAME—EXEMPTION FROM LIABILITY.
    If the claimant shows that the ship encountered such bad weather as warrants the conclusion that the loss was due to the motion caused by the sea, this is a peril of the sea, within the meaning of the exception in the bill of lading, and exempts the carrier from liability, unless the libelant shows that the loss would have been prevented by proper stowage.

In Admiralty. Libel for loss of goods on a voyage from Liverpool to Mobile.

*D. C. & W. S. Anderson*, for libelant.

*Pillans, Torrey & Hanaw*, for claimant.

TOULMIN, J. If goods are lost after their reception, and before their delivery by the carrier, the presumption is that such loss was occasioned by default of the carrier. Where no account of how the goods were lost is given, the vessel is held responsible. The carrier being *prima facie* liable, the burden is on him to show that the loss was occasioned by a cause for which he is not responsible; that it was occasioned by some

---

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

peril of the sea, from which he is exempt in the bill of lading. Desty, Shipp. & Adm. §§ 224, 231, 255, 258, 260. The defense set up in this case is that the loss came under the exceptions in the bill of lading, "perils of the sea." The claimant proved the encountering by the ship during the voyage of weather sufficiently heavy to warrant, in my opinion, the conclusion that the immediate cause of the destruction and loss of the goods in question was the motion of the ship in the heavy weather. This proof from the claimant shifted the burden to the libelant to show that this result would have been prevented by the exercise of due care in the stowage of the cargo. *Clark* v. *Barnwell*, 12 How. 272. "Motion of the ship sufficient to account for the damage being proved to have occurred during the voyage, the presumption, in absence of other proof, is that such motion caused the damage; and, when the motion of the ship is shown to have been caused by the sea, the exception of the bill of lading exempts the ship, unless bad stowage be proved." *The Polynesia*, 30 Fed. Rep. 210. The testimony in this case as to the sea is clearly sufficient to warrant the inference that it was the sea that caused the damage, and there is no evidence to satisfy the court that there was bad stowage, or any other default on the part of the officers or crew of the ship. There are some other points raised by the pleadings which it is unnecessary to notice. For the reasons stated the libel must be dismissed.